UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                CASE No. 8:08-CR-534-T-17TGW

RASHAWN EUGENE ADAMS

---

ORDER

THIS CAUSE came on for consideration upon the defendant's Motion to Exclude Transcript Excerpts (Doc. 67) and the defendant's Motion to Unseal Affidavit Attached to Criminal Complaint (Doc. 62). The Government has filed responses to these motions (Docs. 80, 81). The motions have been referred to me for disposition (Docs. 65, 71).

In the defendant's Motion to Unseal Affidavit Attached to Criminal Complaint (Doc. 62), the defendant argues that this affidavit should be unsealed because the defendant "cannot adequately appeal th[e detention Order by Magistrate Judge Wilson] without reviewing the information this Court relied upon in the sealed affidavit to detain him" (Doc. 62, p. 3).

However, the Order of Detention specifies the reason I found the defendant to be a danger to the community (see Doc. 29). Therefore, the defendant can assert a cogent argument on appeal regarding his detention without

the affidavit. Furthermore, I find that the risk of danger to individuals referred to in the affidavit outweighs its purported usefulness to the defendant for appealing the detention Order. Moreover, it is noted that District Judge Kovachevich can review the affidavit in camera to determine independently whether its contents are relevant to his detention.

The defendant argues further that disclosure of the sealed affidavit is required under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) (Doc. 62, p. 3). However, the Government correctly points out that the affidavit is not discoverable under Brady or Giglio because it does not have any exculpatory or impeachment value. Therefore, the Motion to Unseal Affidavit Attached to Criminal Complaint (Doc. 62) will be denied.

The defendant's Motion to Exclude Transcript Excerpts is moot. Thus, the Government has stated that, to the extent the parties are unable to reach an agreement on this issue, the parties have stipulated to making available to the jury both versions of the disputed transcripts. Defense counsel confirmed telephonically that this motion is moot.

It is, therefore, upon consideration

ORDERED:

1. That the defendant's Motion to Exclude Transcript Excerpts (Doc. 67) be, and the same is hereby, **DENIED** as **MOOT**.

2. That the defendant's Motion to Unseal Affidavit Attached to

Criminal Complaint (Doc. 62) be, and the same is hereby, **DENIED**.

DONE and ORDERED at Tampa, Florida, this 17th day of March, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE